**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

UNITED STATES OF AMERICA,
    Plaintiff,

v

JAMIL D. TENON
    Defendant.

Case Number: 3:12-cr-101-LAC

## **ORDER OF RELEASE**

    The Defendant appeared before this Court for a detention hearing on Friday, October 04, 2024, pending a hearing to revoke the Defendant's supervised release. The Government moved for detention pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), which incorporates 18 U.S.C. § 3143(a)(1). Section 3143(a)(1) provides the Defendant shall be detained unless the Court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released under 3142(b) or (c)." Additionally, Rule 32.1(a)(6) makes clear "the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the [Defendant]."

    After considering the evidence proffered by the Defendant, the testimonies of Defendant and K. Simpkins, and the evidence proffered by the Government, the Court finds Defendant should be RELEASED on the existing conditions with additional conditions of home detention and GPS monitoring.

    As stated in open court, while the Court certainly finds Defendant's September 2023 state arrest and his prior, *albeit* old felony convictions, to be concerning and any continued drug activity to pose a serious danger to the community, the Court notes Defendant has had no supervised release violations from May 2019, when he started supervised release, until September 2023 when the state arrested him. The Court also notes the fact Defendant reported the September 2023, arrest to the US Probation Office as well as his change in residence – a residence in which he has continued to reside since September and will reside in upon his release.

Additionally, Defendant has been on bond with the State since his September 2023 arrest and, despite facing serious drug charges, has not attempted to flee and has not had any other significant contact with law enforcement.

Accordingly, IT IS ORDERED Defendant shall be released and his release is subject to the following conditions, which are **in addition to** the existing conditions of his supervised release:

Defendant shall be subject to home detention and GPS location monitoring.

Entered on October 4, 2024

s/ *Hope Thai Cannon*
HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE